IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:18CR738 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES HORN, | ) | GOVERNMENT'S SENTENCING |
| | ) | MEMORANDUM |
| Defendant. | ) | |

Now comes the United States of America, by and through its undersigned counsel, hereby submitting its sentencing memorandum. For the reasons stated below, the Government recommends that the Court impose a sentence of 21 months of imprisonment, which is at the high end of the advisory Guidelines range.

I. **Nature and Circumstances of Defendant's Offense**

In 1996, Congress enacted the Lautenberg Amendment to the Gun Control Act of 1968, thereby banning the possession of firearms by anyone previously convicted of a misdemeanor crime of domestic violence. The Supreme Court observed that Congress intended to curb a significant public safety problem by enacting this law:

> This country witnesses more than a million acts of domestic violence, and hundreds of deaths from domestic violence each year. Domestic violence often escalates in severity over time, and the presence of a firearm increases the likelihood that it will escalate to homicide. "[A]ll too often," as one Senator noted during the debate over § 922(g)(9), "the only difference between a battered woman and a dead woman is the presence of a gun." Congress enacted § 922(g)(9), in light of these sobering facts, to close a dangerous loophole in the gun control laws: While felons had long been barred from possessing guns, many perpetrators of domestic violence are convicted only of misdemeanors.

United States v. Castleman, 572 U.S. 157, 159–60 (2014) (internal citations and quotations omitted); see also United States v. Hayes, 555 U.S. 415, 427 (2009) (observing that "[f]irearms and domestic strife are a potentially deadly combination nationwide").

Here, the Defendant has a prior domestic violence conviction, and his offense conduct involved not only selling a shotgun to an informant, but also selling multiple firearms and a silencer. (Doc. 17: PSR, PageID 63–64). The Defendant told the informant that "he only had a shotgun, because he sold the other two firearms." (Id.). When the informant asked the Defendant if he had any silencers for sale, the Defendant replied that he did not have any because "they sell fast." (Id.). Another aggravating fact is that this crime took place inside the Defendant's house, (id.), where he resides with his wife and children, (id., PageID 71–72). Moreover, the Defendant has a well-documented history of alcohol abuse. (Id., PageID 65–69, 73). By bringing a firearm (and arguably multiple firearms) into his family home after being convicted of domestic violence, the Defendant's conduct was precisely what Congress intended to punish and deter under Section 922(g)(9).

The Government submits that a sentence at the high end of the Guidelines range is warranted based on the fact that this crime took place so close to the Defendant's family, as well as the fact that the conduct involved multiple firearms and a silencer.[1]

II. **History and Characteristics of Defendant**

While the Defendant does not have any prior convictions qualifying as felonies under federal law, his criminal history is nonetheless significant. The PSR details the highly

---

[1] The Government is not seeking a Guidelines enhancement for multiple firearms or a silencer under U.S.S.G. Section 2K2.1. However, the Court should consider that information as part of the nature and circumstances of the Defendant's offense under 3553(a).

concerning facts underlying his 2011 domestic violence conviction.  (Id., PageID 68).  The Defendant also has a long streak of failing to abide by court-ordered supervision, including multiple probation violations and the revocation of his pretrial release in this case.  (Id., PageID 65–69, 73).  The Court will recall that the Defendant lied to his pretrial officer about using marijuana, claiming that his positive marijuana test happened because he was in a car with other people who were smoking.  See (Doc. 11: Report, PageID 34).  Moreover, the Defendant was on probation through Cleveland Municipal Court for his fifth DUI / OVI at the time he committed the instant offense.  (Doc. 17: PSR, PageID 65–69).

The Government does, however, recognize some positive aspects of the Defendant's history and characteristics.  He was working as a mechanic and financially supporting his family prior to his arrest in this case.  See (id., PageID 73).  Additionally, the Defendant has been seeking help for substance abuse issues while incarcerated.  (Id.).

Nonetheless, the Government submits that the Defendant's criminal history and his poor track record under court supervision warrant a sentence at the high end of the Guidelines range.

### III. Respect for the Law, Promoting Deterrence, Protecting the Public, and Rehabilitation

None of the Defendant's past sentences were sufficient to deter him from selling firearms.  The risk of probation sanctions was likewise insufficient to deter the Defendant from committing the instant offense.  A sentence at the high end of the Guidelines range, therefore, would be appropriate to promote respect for the law, deterrence, and protection of the public.

On the issue of rehabilitation, the Defendant should continue seeking help for substance abuse while incarcerated.  The Government also concurs with the special conditions of supervised release recommended by the PSR.  However, given the risk to public safety posed by

the Defendant's conduct, as well as his past inability to comply with court supervision, a sentence at the high end of the Guidelines range would be appropriate.

## IV. Guidelines Calculation

The Government concurs with the PSR's calculation of the Guidelines. The total offense level is 12, and the Defendant's criminal history category is III, resulting in a Guidelines range of 15 – 21 months.

## V. Conclusion

For the reasons stated above, the Government respectfully recommends that the Court impose a sentence of 21 months of imprisonment, followed by three years of supervised release.

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney

By: /s/ James P. Lewis
James P. Lewis (MD: 1412170148)
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3958
(216) 522-8355 (facsimile)
James.Lewis@usdoj.gov

5

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of May 2019 a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

/s/ James P. Lewis
James P. Lewis
Assistant U.S. Attorney